**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RICHARD M. GIBBONS,
Petitioner-Appellant,

v.                                                                No. 97-2120

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

ALLIED MARINE SYSTEMS,
INCORPORATED,
Petitioner-Appellant,
                                                                 No. 97-2138
v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent-Appellee.

Appeals from the United States Tax Court.
(Tax Ct. Nos. 95-10509, 95-10508)

Argued: May 7, 1998

Decided: July 9, 1998

Before MURNAGHAN and WILKINS, Circuit Judges, and
BEEZER, Senior Circuit Judge of the United States
Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Mark Edward Kellogg, KELLOGG, KREBS & MORAN, Fairfax, Virginia, for Appellants. Laurie Allyn Snyder, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON BRIEF:** William F. Krebs, KELLOGG, KREBS & MORAN, Fairfax, Virginia, for Appellants. Loretta C. Argrett, Assistant Attorney General, David I. Pincus, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Allied Marine Systems, Inc. (Allied) and Richard M. Gibbons appeal a decision of the United States Tax Court, challenging the determination that they owe additional taxes and penalties attributable to the 1988 and 1989 tax years. Finding no error, we affirm.

I.

Originally operated as a partnership in which Gibbons was a partner, Allied was formed in 1986 and engaged in waterfront construction, including the erection of bulkheads, piers, and marinas. The parties dispute whether Allied actually operated as a partnership or as a corporation during 1986 and 1987, but agree that Allied had no taxable income in 1988 or 1989 from which a dividend could have been paid. The tax court found that payments from Allied to Gibbons during 1988 and 1989 were constructive dividends, reasoning that Gibbons had not shown that Allied lacked sufficient retained earnings from which a dividend could have been paid.

2

In addition to his involvement with Allied, Gibbons was a partner in Solomons Properties (Solomons). Solomons was formed pursuant to a written partnership agreement in 1985 to purchase, develop, and resell waterfront property in Maryland. Gibbons was responsible for overseeing construction and lived in a residence owned by Solomons adjacent to the property. The tax court ruled that Gibbons was not entitled to exclude the gain from the sale of this residence as a gain attributable to the sale of a personal residence. Furthermore, the tax court disallowed business auto expenses Gibbons deducted from his income and airplane expenses deducted by Allied, concluding that the supporting documentation was inadequate.

Allied and Gibbons now appeal the decision of the tax court.

II.

Allied challenges the determination by the tax court of the amount of business deduction allowable for airplane expenses in 1989. And, Gibbons maintains that the tax court (1) improperly attributed constructive dividend income to him from Allied in 1988 and 1989; (2) erred in disallowing his 1988 deductions for business auto expenses, including expenses for mileage, parking, and tolls; and (3) erred in refusing to permit him to exclude the gain he attributed to the sale of a personal residence. Having had the benefit of oral argument and the parties' briefs, and after careful consideration of the record and applicable law, we cannot conclude that the factual findings of the tax court are clearly erroneous. See Zfass v. Commissioner, 118 F.3d 184, 188 (4th Cir. 1997) (explaining that factual findings made by a tax court "will be upheld unless they are clearly erroneous"); see also 26 U.S.C.A. § 7482(a)(1) (West Supp. 1998) (establishing that this court has "exclusive jurisdiction to review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury").

AFFIRMED

3